IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DAWN M. KICKLIGHTER, § § **Plaintiff,** § § v. § § MCINTOSH COUNTY BOARD OF § COMMISSIONERS; and SAUNDRA § "BOOTIE" GOODRICH, IN HER § INDIVIDUAL AND OFFICIAL § CAPACITIES AS CLERK OF § COURT FOR MCINTOSH COUNTY, § § **Defendants.** § | CIVIL CASE NO. 2:14-CV-_____ JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff, Dawn M. Kicklighter, hereby files this Complaint against the McIntosh County Board of Commissioners and Saundra "Bootie" Goodrich, in Her Individual and Official Capacities as Clerk of Court for McIntosh County, (hereinafter referred to as "Defendants") alleging violations of the First Amendment to the Constitution of the United States, of the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. 12101 et seq., the Rehabilitation Act 29 U.S.C. §701 et seq., the Family Medical Leave Act, 29 U.S.C. § 2601 et seq., and violations of state law.

## INTRODUCTION

**1.**

This is an action brought under the federal laws set forth above. Plaintiff was the Chief Deputy Clerk of McIntosh County Courts for over nine (9) years. In January, 2014, Plaintiff's husband went to the Savannah Office of the Equal Employment Opportunity Commission and

1

filed a charge of retaliation in violation of Title VII against the Sheriff of McIntosh County. Immediately thereafter, Plaintiff herein began to suffer acts of retaliation and further acts of discrimination.

Plaintiff herein has Hasimoto's thyroid disease, and her supervisor regarded her as disabled. Plaintiff's supervisor has discriminated against her in violation of Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008. Plaintiff sues on the basis that she was fully qualified, and continues to be fully qualified to perform the functions of her job classification "Chief Deputy Clerk." On March 20, 2014, after Plaintiff had been employed by Defendants for almost ten (10) years, Defendants terminated Plaintiff's employment.

Defendants have interfered with Plaintiff's rights under the Family Medical Leave Act, and retaliated against Plaintiff for exercising her rights under the Act.

Plaintiff has been denied overtime compensation owed to her by her former employer in violation of the Fair Labor Standards Act.

## JURISDICTION AND VENUE

**2.**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 et seq. in that this case involves Plaintiff's claims under federal laws. This Court has ancillary jurisdiction over Plaintiff's possible state law claims.

**3.**

Venue is properly laid in this District and Division in that Plaintiff is a resident of this judicial district and division, the incidents complained of occurred in this judicial district and division, and the Defendants conduct business in this judicial district and division.

# PARTIES

**4.**

Plaintiff is a citizen of the United States and is a resident of McIntosh County, Georgia. Plaintiff submits herself to the jurisdiction of this Court.

**5.**

Defendants are the McIntosh County Board of Commissioners; (hereinafter referred to as "Defendant Commissioners"), and Saundra "Bootie" Goodrich (hereinafter referred to as "Defendant Goodrich") in her official and individual capacities as Clerk of Court for McIntosh County.

**6.**

Defendant Commissioners can be served by serving the chairman at her official address, which is as follows:

Ms. Kelly Spratt, Chairman
McIntosh County Board of Commissioners
P.O. Box 584
Darien, Georgia 31305

**7.**

Defendant Goodrich may be served at her official address, which is as follows:

Superior Court of McIntosh County
310 Northway Street, Suite 100
Darien, Georgia 31305

**8.**

Defendant McIntosh County Board of Commissioners is the governing body of McIntosh County, Georgia.

**9.**

Defendant Goodrich is an elected official serving under the direction of Defendant Commissioners.

**10.**

Defendant Goodrich was Plaintiff's supervisor until this Defendant terminated Plaintiff's employment on March 20, 2014.

**11.**

Plaintiff is now, and at all times relevant hereto was an individual whom Defendant Goodrich regarded as having a disability as that term is defined under 42 U.S.C. §12102(1).

**12.**

Plaintiff is a person within the class protected by the ADAAA because she was regarded by her employer as having an impairment, or in the alternative, she had an actual disability.

**13.**

Defendant McIntosh County Board of Commissioners is an entity which employs more than fifteen (15) persons for each working day in each of twenty (20) calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PROCEEDINGS

**14.**

Plaintiff filed a charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission within 180 days of the occurrences of the acts of which she complains herein.

**15.**

On or about March 18, 2014, The Equal Employment Opportunity Commission issued a Notice of Right to Sue relating to Plaintiff's charge of discrimination on the basis of disability,

Charge Number 415-2014-00421. A copy of said Notice is attached hereto as Exhibit "A". This Complaint is being filed within ninety (90) days of the date the Right to Sue Letter was issued.

### COUNT ONE: VIOLATION OF THE PLAINTIFF'S FIRST AMENDMENT RIGHT OF ASSOCIATION

**16.**

The Plaintiff shows that while she was employed by McIntosh County, Georgia, in the office of the Clerk of the Superior Court of McIntosh County, the Plaintiff developed a personal relationship with Robert Kicklighter, who is now the Plaintiff's lawful husband.

**17.**

The Plaintiff shows that supervisory employee(s) in the Office of the Clerk of the Superior Court did not approve of the Plaintiff having a relationship with Robert Kicklighter.

**18.**

The Plaintiff shows that when she continued her relationship with Robert Kicklighter, and subsequently married him, the Defendant then retaliated against the Plaintiff because of Plaintiff's relationship with Robert Kicklighter.

**19.**

The Plaintiff shows that she experienced discrimination, and that her employment with McIntosh County, Georgia, was adversely affected by the retaliation which the Plaintiff experienced because of her relationship with Robert Kicklighter.

**20.**

The Plaintiff shows that the actions taken against the Plaintiff in attempting to prohibit who the Plaintiff had a personal relationship with infringed upon the Plaintiff's First Amendment right to associate with whomever she desired, and that the actions of the Defendant in attempting to influence the Plaintiff from having a personal relationship with Robert Kicklighter, and in then retaliating against the Plaintiff because she had said relationship, violated the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

## COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT

21.

At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of the Fair Labor Standards Act.

22.

At all times relevant to this action, Defendant was an employer within the meaning of the Fair Labor Standards Act.

23.

At all times relevant to this action, Plaintiff was an hourly employee of Defendants.

24.

At all times relevant to this action, Defendant was required to keep an accurate record of Plaintiff's hours of work.

25.

Defendants required Plaintiff to work many hours of overtime during the time that she was employed by Defendants.

26.

Although Plaintiff brought to Defendants' attention the fact that she was not being paid overtime compensation, Defendants continually refused to pay her overtime compensation.

27.

Defendants knowingly and willfully violated the legal requirements of the Fair Labor Standards Act.

28.

Defendants' failure to pay overtime compensation to Plaintiff was a knowing and willful violation of the Fair Labor Standards Act, and the Defendants are therefore responsible for liquidated damages in an amount equal to the overtime compensation owed to Plaintiff.

**29.**

At all times relevant to this action, Plaintiff's pay rate was $12.95 per hour.

**30.**

At all times relevant to this action, Plaintiff's proper overtime pay rate was $19.37 per hour.

**31.**

Plaintiff was not properly compensated for all of the hours she worked for Defendant.

**32.**

Plaintiff is due to be paid all of the overtime compensation Defendants owe her, along with liquidated damages in an amount equal to said overtime compensation.

## STATEMENT OF FACTS UNDERLYING COUNTS THREE, FOUR, FIVE, AND SIX

**33.**

For approximately ten (10) years, Plaintiff was employed by Defendants at the office of the McIntosh County Clerk of Courts.

**34.**

She began her employment in January 2004 as a clerk. In 2005, she was promoted to Chief Deputy Clerk.

**35.**

Throughout Plaintiff's employment by Defendants, Plaintiff's supervisor has been fully aware of her health conditions: hypothyroidism caused by Hasimoto's thyroid disease an autoimmune disease), asthma, and sleep apnea.

**36.**

Throughout her employment by Defendants, Plaintiff was able to perform the essential functions of her job.

7

37.

Plaintiff fully informed and explained her health conditions to Defendant Goodrich, who was Plaintiff's supervisor throughout her employment with the McIntosh County Clerk of Court.

38.

Defendant Goodrich continually disparaged Plaintiff about her health conditions.

39.

Defendant Goodrich frequently embarrassed Plaintiff by making remarks in the presence of others about Plaintiff's health conditions.

40.

Defendant Goodrich created a hostile environment for Plaintiff on the basis of her health conditions.

41.

Based on Plaintiff's training and experience, she was fully qualified, and remains fully qualified for the position she held with Defendants as Chief Deputy Clerk.

42.

On March 10, 2014, Plaintiff requested leave under the Family Medical Leave Act from her supervisor, Defendant Goodrich.

43.

Plaintiff received no reply to her request for leave under the Family Medical Leave Act from Defendant Goodrich.

44.

On March 10, 2014, Plaintiff requested leave under the Family Medical Leave Act from the McIntosh County Manager, McIntosh County Attorney and McIntosh County Board of Commissioners.

**45.**

Plaintiff received no reply to her request for leave under the Family Medical Leave Act from anyone.

**46.**

Defendants interfered with Plaintiff's right to tale leave under the Family Medical Leave Act.

**47.**

In response to Plaintiff's request for leave under the Family Medical Leave Act, which was made on March 10, 2014, Defendants retaliated against Plaintiff by terminating her employment on March 20, 2014.

## COUNT FOUR: VIOLATION OF ADAAA; DEFENDANT GOODRICH REGARDED PLAINTIFF AS DISABLED

**48.**

On March 20, 2014, Defendants terminated Plaintiff's employment because of Defendant Goodrich regarded Plaintiff as having a disability.

**49.**

In refusing to allow Plaintiff to continue in her employment, Defendants discriminated against Plaintiff on the basis of the perception that she had a disability; specifically, that Defendant Goodrich regarded Plaintiff as having an impairment.

**50.**

Alternatively, in refusing to allow Plaintiff to continue her employment with Defendants, Defendants discriminated against Plaintiff on account of her actual disability.

**51.**

In refusing to allow Plaintiff to continue in her employment, Defendants acted intentionally, willfully and in bad faith, and with a reckless disregard for Plaintiff's federally protected rights in employment.

**52.**

Defendants' above-stated actions have deprived Plaintiff of employment, income in the form of wages, prospective employment benefits, including social security and other benefits to which she would have been entitled but for Defendants' illegal actions.

**53.**

Defendant's above-stated actions have also caused Plaintiff to suffer out-of-pocket losses and mental and emotional distress for which she seeks compensation.

## COUNT FIVE : VIOLATION OF ADAAA; ACTUAL DISABILITY

**54.**

Plaintiff incorporates by reference paragraphs 33 through 47 as if fully restated herein.

**55.**

At all times relevant hereto, Defendants have been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

**56.**

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. §12102(1) inasmuch as she was regarded as a person with an impairment as defined by the Act.

**57.**

At all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. §12111 (8) and able to perform the essential functions of the

job of Chief Deputy Clerk. Plaintiff served in that position in Defendant's employ from 2005 through March 20, 2014.

**58.**

By terminating Plaintiff's employment, Defendants refused to provide Plaintiff with a reasonable accommodation of her disability.

**59.**

Defendants' actions amount to violations of §102 of the ADAAA, 42 U.S.C. §12112, as amended, which prohibits discrimination in employment on the basis of disability.

**60.**

As a direct and proximate result of Defendants' intentional discrimination, Plaintiff has suffered out of pocket losses and has been deprived of job-related economic benefits including, but not limited to, income in the form of wages, and including social security, all in an amount to be established at trial.

**61.**

Defendants' actions have caused, continue to cause, and will cause in the future Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**62.**

Plaintiff is entitled to be reinstated to employment by Defendant and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

**63.**

At all times relevant hereto, Defendants have been fully subject to the requirements of Title 1 of the Americans with Disabilities Act, 42 U.S.C. §12102 (1) (A).

**64.**

At all times relevant hereto, Plaintiff was an individual with a disability as defined under the Americans with Disabilities Act, 42 U.S.C. §12102 (1) (A).

**65.**

At all times relevant hereto, Plaintiff has been a qualified individual with a disability as that term is defined by 42 U.S.C. §12111(8) and able to perform the essential functions of the job, as demonstrated by her employment history with Defendants.

**66.**

Defendants were, at all times relevant hereto, fully aware of Plaintiff's disability.

**67.**

Defendants intentionally terminated Plaintiff's employment because of her disability and in favor of a non-impaired, non-disabled person.

**68.**

As a direct and proximate result of Defendants' intentional discrimination, Plaintiff has suffered out-of-pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

**69.**

Defendants' actions have caused, continue to cause, and will in the future cause Plaintiff to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

**70.**

Plaintiff is entitled to be reinstated to employment by Defendants and, if reinstatement is not feasible, Plaintiff is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT SIX: DEFENDANTS' VIOLATION OF THE FAMILY MEDICAL LEAVE ACT: INTERFERENCE

**71.**

Plaintiff incorporates by reference the allegations set forth in Paragraphs 33-47 above as if fully restated herein.

**72.**

Plaintiff was entitled to leave under the Family Medical Leave Act when she requested leave in March 2014.

**73.**

Defendant Goodrich denied Plaintiff her right to leave under the FMLA in March, 2014.

**74.**

Defendant Goodrich knowingly and willfully denied Plaintiff her right to leave under the FMLA in March 2014 for her serious health condition.

**75.**

Defendant Board of Commissioners denied Plaintiff her right to leave under the FMLA in March, 2014.

**76.**

Defendant Board of Commissioners knowingly and willfully denied Plaintiff her right to leave under the FMLA in March 2014 for her serious health condition.

## COUNT SEVEN: DEFENDANTS' VIOLATION OF THE FAMILY MEDICAL LEAVE ACT: RETALIATION

**77.**

Plaintiff restates the allegations set forth in Paragraphs 33-47 above as if fully restated herein, and incorporates those allegations by reference.

**78.**

Defendant Goodrich terminated Plaintiff's employment because Plaintiff requested the leave she was entitled to take under the terms of Family Medical Leave Act.

**79.**

Defendant Goodrich's decision to terminate Plaintiff's employment was retaliatory in violation of the anti-retaliation provision of the Family Medical Leave Act.

**80.**

Defendant Goodrich terminated Plaintiff's employment in retaliation against her for attempting to exercise her rights under the FMLA.

**81.**

Defendant Commissioners terminated Plaintiff's employment because Plaintiff requested the leave she was entitled to take under the terms of the Family Medical Leave Act.

**82.**

Defendant Commissioners terminated Plaintiff's employment because Plaintiff requested the leave she was entitled to take under the terms of the Family Medical Leave Act.

**83.**

Defendant Commissioners' decision to terminate Plaintiff's employment was retaliatory in violation of the anti-retaliation provision of the Family Medical Leave Act.

WHEREFORE, Plaintiff prays as follows:

A.  PRAYERS FOR RELIEF FOR COUNT ONE UNDER FIRST AMENDMENT RIGHT TO ASSOCIATION

   1. That she be reinstated to her previous position as Chief Deputy Clerk of the McIntosh Superior, State and Juvenile Courts;

   2. That she be awarded all back wages that she would have received if she had not been terminated from her employment;

3. That she be awarded all health, retirement, seniority and other benefits that she would have received if she had not been terminated from her employment;

4. That she be awarded a reasonable attorney's fee;

5. That she be awarded all costs she has incurred as a result of bringing this action;

6. That she be awarded interest, and any and all other damages allowable for a violation of the First Amendment.

B. PRAYERS FOR RELIEF FOR COUNTS TWO AND THREE UNDER THE FAIR LABOR STANDARDS ACT

7. That she be awarded all overtime compensation to which she is entitled, which shall be shown at trial;

8. That she be awarded all wages to which she is entitled in order that she is compensated in accordance with the minimum wage requirements of applicable laws;

9. That she be awarded liquidated damages in an amount equal to the amount of overtime compensation owed to her by Defendant;

10. That Defendant immediately cease its practice of failing to pay its employees minimum wage in violation of the requirements of the FLSA;

11. That Defendant be required to pay all of Plaintiff's attorney's fees and other costs of this action;

C. PRAYERS FOR RELIEF FOR COUNTS FOUR AND FIVE UNDER THE ADAAA

12. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured under the ADAAA;

13. Grant Plaintiff a permanent injunction enjoining Defendants, its chief, agents, employees, attorneys, and all of those acting in concert with them from engaging in any employment practice or policy which discriminates against the Plaintiff and others similarly

situated because of the exercise of their rights under the ADAAA, or because of their participation in this lawsuit;

14. Grant to Plaintiff judgment in her favor and against Defendants under Counts One and Two of this Complaint;

15. Order Defendants to make the Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost as a result of Defendants' unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

16. Order Defendants to compensate Plaintiff for mental and emotional damages she has suffered as a result of Defendant's unlawful and discriminatory acts;

17. Grant to Plaintiff punitive damages for Defendants' willful and intentional violations of the ADAAA as provided by 42 U.S.C. §12117(a), as amended;

18. Grant to Plaintiff a jury trial on all issues so triable;

19. Grant to Plaintiff a reasonable attorney's fee and reasonable expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. §12117 (a), as amended;

20. That this Court reinstate Plaintiff to her previous position;

D. PRAYERS FOR RELIEF FOR COUNTS SIX AND SEVEN UNDER THE FAMILY MEDICAL LEAVE ACT

21. That she be restored to her previous position as Chief Deputy Clerk, together with all benefits which would have accrued had she not been wrongfully terminated;

22. That she be awarded all of her past lost wages;

23. That she be awarded liquidated damages in an amount equal to her lost wages;

24. That she be awarded a reasonable attorney's fee;

25. That she be awarded any and all other damages and remedies that she is entitled to under the Family Medical Leave Act;

26. Grant such additional relief as the Court deems proper and just.

This 16th day of June, 2014.

                                  Respectfully submitted,

/s/ W. Douglas Adams
W. Douglas Adams
Georgia Bar No. 004650
1829 Norwich Street
Brunswick, Georgia 31520

/s/ Rita C. Spalding
Rita C. Spalding
Georgia Bar No. 108640
1522 Richmond Street
Brunswick, Georgia 31520
(912) 261-8686
rspaldinglaw@bellsouth.net

/s/ Joseph J. Segui
Joseph J. Segui
Georgia Bar No. 634463
P.O. Box 699
Waynesville, Georgia 31566
(912) 399-9922
joesegui@live.com
***Attorneys for Plaintiffs***

| EEOC Form 161 (11/09) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: Dawn M. Kicklighter<br>P.O. Box 75<br>Darien, GA 31305 | From: Savannah Local Office<br>7391 Hodgson Memorial Drive<br>Suite 200<br>Savannah, GA 31406 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 415-2014-00421 | Jennifer L. Bessick, Investigator | (912) 652-4399 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

William M. Batts,
Acting Director

MAR 18 2014
(Date Mailed)

Enclosures(s)

cc: Brett Cook
Human Resources Manager
MCINTOSH COUNTY BOARD OF COMMISSIONERS
P.O. Box 584
Darien, GA 31305

EXHIBIT "A"

STATE OF GEORGIA

UNITED STATES DISTRICT COURT

### VERIFICATION

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, **DAWN M. KICKLIGHTER**, sworn deposes and states on oath that the facts contained in the foregoing *Complaint* are true and correct to the best of her knowledge, information and belief.

This 16th day of June, 2014.

_____
DAWN M. KICKLIGHTER, Plaintiff

Sworn to and subscribed before me
this 16th day of June, 2014.

_____
Notary Public
State of Georgia
County of Glynn

My commission expires: 7-11-2015

(SEAL)