IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAWN M. KICKLIGHTER,           *
                               *
    Plaintiff,                 *
                               *
        v.                     *        CV 214-088
                               *
SAUNDRA "BOOTIE" GOODRICH,     *
in her official capacity as    *
Clerk of Court for McIntosh    *
County,                        *
                               *
    Defendant.                 *

**O R D E R**

On February 19, 2016, the Court granted in part and denied in part Defendant's motion for summary judgment. (Doc. 36.) As a result, only Plaintiff's 42 U.S.C. § 1983 claim for reinstatement against Defendant Goodrich, in her official capacity as Clerk of Court for McIntosh County, Georgia, now remains. However, since February 19, Defendant has informed the Court that she is no longer the Clerk of McIntosh County. (Doc. 38-1.) Moreover, based on this information, Defendant has filed a motion for reconsideration of summary judgment order and a motion to dismiss claim for reinstatement. (Doc. 38.) Specifically, Defendant argues that because she has retired, reinstatement is no longer a proper remedy for Plaintiff such that the remaining claim should be dismissed. In response,

Plaintiff has submitted arguments to the contrary as well as her own motion for reconsideration. (Doc. 41.)

Because her "retirement creates a procedurally unusual situation," Defendant, when filing her recent motions, was uncertain as to whether a motion for reconsideration or a motion to dismiss would be the appropriate vehicle through which to address the issue at hand. (Doc. 38.) At the outset, it would appear that a motion for reconsideration pursuant to Federal Rule of Civil Procedure ("FRCP") 60 may be the more appropriate avenue. However, for a party to obtain relief from an order based on newly-discovered evidence,

> (1) the evidence must be newly discovered since the summary judgment order; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action.

Rease v. AT&T Corp., 239 F. App'x 481, 483 (11th Cir. 2007). Thus, because Defendant retired on December 31, 2015 - well before the Court's summary judgment order was entered - Defendant's evidence is not "newly discovered" and will not allow her to prevail on a motion for reconsideration.

Regarding Defendant's second motion, the Court construes it as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). While this motion also seems appropriate, the Court cannot consider matters outside the pleadings - i.e., evidence of Defendant's retirement

2

— as part of the instant motion unless it is first converted to a motion for summary judgment. See Fed. R. Civ. P. 12(d). Therefore, the Court **CONVERTS** Defendant's motion to dismiss (Doc. 38) into Defendant's second motion for summary judgment.[1] Additionally, the Court **DIRECTS** the Clerk to issue a Griffith notice, which shall provide Plaintiff with notice of the motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default.[2] As for the parties, they shall submit any additional evidence or briefs for the Court's consideration **no later than May 6, 2016.**

**ORDER ENTERED** at Augusta, Georgia, this 14th day of April, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Although Defendant's normal window to file a motion for summary judgment has long since passed, the Court finds good cause to consider a second motion for summary judgment in this case. See Fed. R. Civ. P. 16(b)(4), 56(b).

[2] Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam).

3