IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DAWN M. KICKLIGHTER,         *
                             *
     Plaintiff,              *
                             *
     v.                      *     CV 214-088
                             *
SAUNDRA "BOOTIE" GOODRICH,   *
in her official capacity as  *
Clerk of Court for McIntosh  *
County,                      *
                             *
     Defendant.              *

**O R D E R**

Presently before the Court is Plaintiff's motion for reconsideration (Doc. 41), Defendant's second motion for summary judgment (Doc. 38), and Defendant's motion for reconsideration (Doc. 38). For the reasons below, the Court **DENIES** Plaintiff's motion for reconsideration, **GRANTS** Defendant's second motion for summary judgment, and **DENIES AS MOOT** Defendant's motion for reconsideration.

**I. BACKGROUND**

On February 19, 2016, the Court granted in part and denied in part Defendant's motion for summary judgment. (Doc. 36.) As a result, only Plaintiff's 42 U.S.C. § 1983 claim for reinstatement against Defendant Goodrich, in her official capacity as Clerk of Court for McIntosh County, Georgia, now remains. However, since February 19, Defendant has informed the

Court that she is no longer the Clerk of Court for McIntosh County. (Doc. 38-1.) Consequently, out of an abundance of caution, Defendant filed both a motion for reconsideration of the Court's summary judgment order and a motion to dismiss. (Doc. 38.) In response, Plaintiff filed a brief in opposition as well as her own motion for reconsideration. (Doc. 41.)

Regarding Defendant's motions, the Court, in its order dated April 14, 2016, first relayed that evidence of Defendant's retirement was not "newly discovered" and would not allow Defendant to prevail on her motion for reconsideration. (Doc. 47.) See Fed. R. Civ. P. 60; Rease v. AT&T Corp., 239 F. App'x 481, 483 (11th Cir. 2007). Next, the Court indicated that while Defendant's motion to dismiss seemed appropriate, it could not consider a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) along with evidence of Defendant's retirement. (Doc. 47.) See Fed. R. Civ. P. 12(d). Hence, the Court converted Defendant's motion to dismiss into the instant motion for summary judgment and provided both parties the opportunity to submit additional evidence and briefing on the issues at hand.[1] (Doc. 47.) Now, as the window for submissions has since closed, all of the above-referenced motions are ripe for the Court's consideration.

---

[1] The Clerk, in accordance with Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), provided Plaintiff with notice of the motion, the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 48.)

2

## II. PLAINTIFF'S MOTION FOR RECONISDERATION

With her motion for reconsideration, Plaintiff specifically requests that the Court reverse its finding of Eleventh Amendment immunity on the grounds that Defendant is a county official and not an "arm of the State." See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003), cert. denied, 540 U.S. 1107 (2004). In support of her request, Plaintiff has submitted the Georgia Court of Appeals' recent decision in her suit for state-issued unemployment compensation. See Kicklighter v. Butler, No. A15A1991 (Ga. Ct. App. Mar. 23, 2016). According to Plaintiff, the Court of Appeals, by "not[ing] that the McIntosh County Board of Commissioners was Plaintiff's employer" dispelled the notion that Defendant, Plaintiff's employer, is an "arm of the State." (Doc. 44.)

Although the Court realizes that "state law provides assistance in ascertaining whether the state intended to create an entity . . . designed to take advantage of the state's Eleventh Amendment immunity," it gleans very little from the appellate decision that Plaintiff cites. See Tuveson v. Fla. Governor's Council on Indian Affairs, Inc., 734 F.2d 730, 732 (11th Cir. 1984). As noted within the Court's first summary judgment order, the Eleventh Circuit, in determining exactly how state law defines an entity, does not simply look at the labels within a state's body of law. (Doc. 36.) Instead, the circuit court analyzes the "'essential governmental nature'" of the

3

entity, the extent to which state law provides the entity independence from the counties that it serves, and whether the entity derived its authority for the function at issue from the state. See Pellitteri v. Prine, 776 F.3d 777, 780 (11th Cir. 2015) (quoting Manders, 338 F.3d at 1319). Therefore, without such an analysis, the Kicklighter decision is of minimal value here.

Without any other evidence or argument from Plaintiff that would warrant relief from the Court's prior order, the Court **DENIES** her motion for reconsideration. See Fed. R. Civ. P. 60(b).

### III. DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

Defendant's second motion for summary judgment will be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the basis for her motion, Defendant contends that because she has retired, reinstatement is no longer a proper remedy such that Plaintiff's remaining claim should be dismissed. In maintaining this argument, Defendant cites first to O.C.G.A. § 15-6-59.

Under O.C.G.A. § 15-6-59(b), "[t]he clerks of superior court shall have the power to appoint a deputy or deputies," and the "[p]owers and duties of deputy clerks shall be the same as those of the clerks, so long as their principals continue in

4

office *and not longer.*" (emphasis added). Put another way, a deputy clerks' employment is "dependant [sic] upon the will and reelection of the clerk of court." Taylor v. Bartow Cnty., Ga., 860 F. Supp. 1526, 1536 (N.D. Ga. 1994) (interpreting O.C.G.A. § 10-5-59(b)). Accordingly, upon Defendant's retirement, her successor had the right to remove all of the incumbent deputies and appoint her own. Thus, if this Court were to order Defendant's successor to reinstate Plaintiff, it would, seemingly, be interfering with the hiring discretion that the clerk possesses and covets. See Underwood v. Harkins, 698 F.3d 1335, 1343 (11th Cir. 2012)("'When, by statute, a deputy clerk is empowered to conduct all business which the clerk is authorized to conduct . . . [the clerk] must be able to select a deputy in whom he has total trust and confidence and from whom he can expect, without question, undivided loyalty'" (quoting Stegmaier v. Trammell, 597 F.2d 1027, 1040 (5th Cir. 1979)).

For further support, Defendant directs the Court to the Eleventh Circuit's opinion in Lucas v. O'Laughlin, 831 F.3d 232 (11th Cir. 1987). In Lucas, a deputy sheriff in St. Johns County, Florida, filed a § 1983 suit against the county's sheriff seeking, *inter alia*, reinstatement. Id. at 233. However, as the lawsuit was pending, the defendant-sheriff was replaced, and the district court was faced with the question of whether reinstatement was still available. In concluding that reinstatement would be improper, the district court stated that

5

while "[a] prevailing plaintiff is ordinarily entitled to reinstatement," the circumstances of the case were too "unusual" to allow for the remedy. Id. (internal quotation marks and citation omitted). Later, on appeal, the Eleventh Circuit agreed, citing the following rationale: "[S]hould [the deputy] be reinstated by the order of the court, the new sheriff could terminate him on the same day on the ground that he preferred the person whom he had already appointed in [the deputy's] place." Id.

Like the deputy sheriff in Lucas, Plaintiff seeks to be reinstated to her former position so that she may work under an elected official who has taken office during the pendency of her suit. Yet, assuming that the Court ordered reinstatement, Defendant's successor, like the sheriff's successor in Lucas, "could terminate [Plaintiff] on the same day on the ground that [the successor] preferred the person whom [s]he had already appointed in [Plaintiff's] place." See id.; O.C.G.A. § 15-6-59(b). Therefore, unless Plaintiff can persuade the Court otherwise, it appears that Defendant's retirement will prohibit Plaintiff from obtaining reinstatement.

In opposition to Defendant's motion, Plaintiff argues that her claim should proceed to a jury trial for three reasons: (1) Federal Rule of Civil Procedure 25 allows her claim to continue; (2) two of the above-referenced cases - Taylor and Lucas - are distinguishable; and (3) even if reinstatement is unavailable,

6

she is entitled to proceed with a claim for front pay and back pay. (Doc. 41.)

## A. Federal Rule of Civil Procedure 25

Pursuant to Rule 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Instead, "[t]he officer's successor is automatically substituted as a party." Id. Thus, Defendant's successor is now the party against whom Plaintiff asserts her remaining claim.[2] However, as a procedural rule, Rule 25 has no impact on the Court's determination as to whether reinstatement is a viable remedy.

## B. Distinguishing Cases

Next, while Plaintiff is correct that Taylor and Lucas are distinguishable, the distinctions that she draws are insignificant. With respect to the Taylor decision, this Court relies only on the Northern District of Georgia's interpretation of O.C.G.A. § 15-6-59(b), and Plaintiff has not asserted any arguments suggesting that the interpretation was flawed or otherwise incorrect. As for the Lucas opinion, Plaintiff does not attack the standard applied nor does she question the factual similarities between that case and the one at hand.

---

[2] "An order of substitution is not required, but may be entered at any time if a party desires or the court thinks fit." See Fed. R. Civ. P. 25 advisory committee's note to 1961 amendment; accord Polk v. Nugent, 554 F. App'x 795, 797 n.1 (11th Cir. 2014).

7

Consequently, the Court finds no reason why the principles from Taylor and Lucas should not be followed.

### C. Front Pay and Back Pay

As stated in the Court's order on Defendant's first motion for summary judgment, Eleventh Amendment immunity bars all of Plaintiff's claims against Defendant, except those for injunctive relief. (Doc. 36.) See Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehabilitative Servs., 225 F.3d 1208, 1220 ("[T]he Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages. . . . If the prospective relief sought is measured in terms of a monetary loss resulting from a past breach of a legal duty, it is the functional equivalent of money damages." (internal quotation marks and citation omitted)). For that reason, Plaintiff's final argument - that she is entitled to proceed on either (1) a claim for reinstatement or (2) a claim for front pay and back pay - is also unpersuasive.[3]

---

[3] Additionally, Plaintiff would not be entitled to a trial by jury even if her claim for reinstatement survived summary judgment. See Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1187 (11th Cir. 1985) (indicating that a claim for reinstatement is "equitable and therefore not the proper subject of a jury trial").

8

In sum, having found each of Plaintiff's three arguments to be unavailing, the Court, consistent with the Eleventh Circuit's holding in <u>Lucas</u>, **GRANTS** Defendant's second motion for summary judgment.

## IV. DEFENDANT'S MOTION FOR RECONSIDERATION

Because it has granted her second motion for summary judgment, the Court now **DENIES AS MOOT** Defendant's motion for reconsideration.

## V. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. 41), **GRANTS** Defendant's second motion for summary judgment (Doc. 38), and **DENIES AS MOOT** Defendant's motion for reconsideration (Doc. 38). Accordingly, the Court directs the Clerk to **ENTER JUDGMENT** in favor of Defendant, to **TERMINATE** all motions and deadlines, and to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of June, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA