```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF GEORGIA
                   BRUNSWICK DIVISION
```

DAWN M. KICKLIGHTER,                *
                                    *
     Plaintiff,                     *
                                    *
          v.                        *       CV 214-088
                                    *
SAUNDRA "BOOTIE" GOODRICH,          *
in her official capacity as         *
Clerk of Court for McIntosh         *
County,                             *
                                    *
     Defendant.                     *

## O R D E R

On June 16, 2014, Plaintiff filed a complaint with the Court alleging numerous causes of action against the McIntosh County Board of Commissioners ("Board") and Sandra "Bootie" Goodrich, in her individual and official capacities as Clerk of Court for McIntosh County (collectively "Defendants"). (Doc. 1.) Thereafter, the Court granted summary judgment in favor of the Board and Goodrich, in her individual capacity, on February 19, 2016 (Doc. 36), and in favor of Goodrich, in her official capacity, on June 6, 2016 (Doc. 51). Consequently, Defendants have submitted a bill of costs – in the amount of $1,024.95 – that is now before the Court. (Doc. 54.)

Defendants, as the prevailing parties in this litigation, are entitled to recover certain costs as a matter of course pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

See Fed. R. Civ. P. 54(d)(1); <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346, 351 (1981); <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1038-39 (11th Cir. 2000). Although the district court has discretion to not award the full amount of costs, such discretion is not unfettered "since denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." <u>Chapman</u>, 229 F.3d at 1038-39. Thus, to defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so. <u>See</u> <u>id.</u> As the non-prevailing party in this case, it is Plaintiff's burden to demonstrate that Defendants' costs are not taxable. <u>See</u> <u>Sensormatic Elecs. Corp. v. Tag Co.</u>, No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing <u>EEOC v. W & O, Inc.</u>, 213 F.3d 600, 621 (11th Cir. 2000)).

Under 28 U.S.C. § 1920(2), costs are recoverable for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Similarly, under 28 U.S.C. § 1920(4), costs are recoverable for "[c]opies attributable to discovery." <u>See</u> <u>EEOC</u>, 213 F.3d at 623 (internal quotation marks omitted). Accordingly, given these provisions, Defendants have presented receipts for (1) $906.70 that was paid to court reporters for deposition and other transcripts and (2) $118.25 that was paid for copies of 473 pages of discovery that Plaintiff requested. (Exs. A-B, Doc. 54-2.)

2

Having reviewed these documents without any argument from Plaintiff indicating that Defendants' transcripts and copies were unnecessary, the Court now finds that Defendants' bill of costs reflects the amount properly taxable to Plaintiff. See Lovett v. KLLM, Inc., No. 4:05-CV-026, 2007 WL 983192, at *6 (N.D. Ga. March 26, 2007) ("[O]btaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken."). For that reason, the Court **GRANTS** Defendants' bill of costs (Doc. 54) and directs the Clerk to **TAX** $1,024.95 in costs against Plaintiff.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA